## David S. Cogan et al. *vs.* Robert Duncan, Judge of Probates, use, &c.

In an action brought against an administrator for failing to pay a judgment obtained against him as administrator, alleging that assets sufficient had come to his hands, and been wasted or misapplied by him, a plea, averring " That the administrator at the time that judgment was rendered against him had no assets with which to pay the same," is insufficient. The plea should either deny that there were assets at any time belonging to the estate, or set forth that they had been applied to claims having a prior right to satisfaction.

In an action on an administrator's bond for wasting or misapplying the assets of the estate, and failing to pay a judgment against him as administrator, the plea of *nul tiel record* cannot be regarded as one going to the merits of the action, and being the only plea, judgment by default should be rendered against him, with a writ of inquiry.

In error from the circuit court of Jefferson county ; Hon. Stanhope Posey, judge.

This case is sufficiently stated in the opinion of the court.

*Saunders & Haggin*, for plaintiff in error.

*John B. Coleman*, for defendant in error.

This is a case manifestly brought up for delay, and submitted as such.

Mr. Justice Fisher delivered the opinion of the court.

This was an action of debt in the circuit court of Jefferson county, upon an administration bond executed by David S. Cogan and his sureties, in the penal sum of $10,000, as administrator on the estate of Rebecca Cogan, deceased.

The action was prosecuted upon the relation of William Henry, who had recovered a judgment to be levied of the goods and chattels of the deceased, against the administrator, at the April term, 1846, of Jefferson circuit court. The declaration avers that goods and chattels to a large amount were received by the administrator, and that he has failed to pay the judgment aforesaid.

The defendants appeared and filed two pleas: First, that the administrator, at the time the judgment was rendered against him, had no assets with which to pay the same. This plea was demurred to, and the demurrer sustained by the court. The plea should have either denied that there were assets at any time belonging to the estate, or have set forth that they had been applied to claims, having a prior right to satisfaction over the judgment of the relator. The demurrer was therefore correctly sustained.

The second plea sets forth, that there is no such judgment of record as that described in the declaration. Upon this plea, issue was joined, and submitted to the court for trial. The court decided that there was such a judgment of record, and rendered a final judgment in favor of the plaintiff, for the use aforesaid, for the sum of $293.80.

The only question to be considered is, whether this judgment was correct. While this was a plea in form of *nul tiel record*, yet it cannot be so treated in this action. The action was not founded upon a record, but upon a misapplication or wasting of the assets of the estate by the administrator. The plea cannot be treated as one going to the merits of the action, but as only presenting matter in abatement. An action of this nature must be prosecuted by a creditor, or other person interested in the distribution of the estate. The creditor must be one whose claim has been judicially ascertained, or, in other words, a judgment creditor. The plea merely questioned the relator's right to prosecute the action, by averring that there was no such judgment of record, and consequently that the relator was not a judgment creditor.

From this view of the question, it will be seen that no issue was presented upon the substantial matter in controversy, to

wit, whether the administrator had received and wasted the assets of the estate. In this respect the cause was wholly undefended. The court, therefore, upon deciding the issue presented by the second plea, should have rendered a judgment by default, for the penalty of the bond, to be discharged by such damages as the relator had sustained. But could the court render a judgment final? The court can only render such a judgment, when the action is founded upon a contract for the payment of a sum certain. Could the court, upon a default by the defendants in this case, say what amount of assets had been received by the administrator, and what amount had been wasted? These certainly would be proper questions to be considered, and are the very questions presented by the declaration. But this point has been settled by this court, in the case of *Sims* v. *Nash*, 1 How. 272.

We will render such a judgment here as the court below should have rendered, reverse and remand the cause. Let judgment by default, with writ of inquiry, be entered in this court, and cause remanded, to have the inquiry executed.